IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAKERIA MONTGOMERY,               *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *  CIVIL ACTION NO. 25-00188-KD-B
                                  *
MOBILE COUNTY SHERIFF'S OFFICE[1],*
*et al.*,                         *
                                  *
     Defendants.                  *

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Mobile County Sheriff's Department, Mobile County Jail and Veronica Wilcox's motion to dismiss Plaintiff Lakeria Montgomery's amended complaint (Doc. 7). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendants' motion be **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

Plaintiff Lakeria Montgomery ("Montgomery"), who is proceeding without an attorney, commenced this action by filing a complaint against the Mobile County Sheriff's Department, the

---

[1] While Plaintiff names the Mobile County Sheriff's Office as a defendant, Defendants reference it as a department rather than an "Office". Accordingly, the title "Mobile Sheriff's Department" is used in this Order.

Mobile County Jail and Veronica Wilcox on May 2, 2025. (Doc. 1). Montgomery filed an amended complaint adding Thomas Richardson as an additional Defendant on May 7, 2025. (Doc. 3). In her amended complaint, which is the operative pleading in this action, Montgomery alleges that she was unlawfully terminated in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA). According to Montgomery, while employed as a correctional officer under the Mobile Sheriff's Department at the Mobile Metro Jail, she informed her supervisor, Lieutenant Veronica Wilcox, that she would need to be absent on February 9, 2021, so she could be sworn into the United States Navy. (Doc. 3 at 4). Montgomery contends that Wilcox initially congratulated her but called her later that evening and told her that she needed to cancel her plans due to a staffing shortage. (Id.). Montgomery explained the importance of her Navy swearing in and again advised Wilcox that she would need to be absent on February 9th. Montgomery further asserts that she proceeded with her plans and missed work on February 9th so she could be sworn into the Navy. Montgomery asserts that her recruiter provided a notarized excuse for her absence, that Montgomery had her mother personally deliver the excuse to Wilcox, and that Wilcox told Montgomery's mother "I told her not to go, so I have to let her go." (Id. at 5.). Montgomery further contends that at the time of her termination, her absence was the only reason given for her termination; however,

2

she later learned that the reason being given was that she brought contraband into the Mobile Metro Jail.  (Id.). Montgomery alleges that the personnel records falsely state that she was terminated due to a Cash App transaction involving an inmate in December 2020, and that Wilcox deliberately lied and stated that she knew nothing about Montgomery's military obligations and that Montgomery had "left that day on [her] own volition." (Id.).

For relief, Montgomery seeks a declaration that Defendants violated the USERRA and requests that she be reinstated to her former position or awarded front pay, that she be awarded back pay and lost employment benefits with interest, compensatory and emotional distress damages, and reasonable attorney's fees and costs and expenses, and that she be granted any other relief the Court deems just and proper. (Id. at 4).

In Defendants' memorandum in support of their motion to dismiss, they assert that Montgomery's instant case is similar to another case that she has currently pending before the Eleventh Circuit Court of Appeals.[2] (Doc. 7 at 2).  Defendants also assert that the Mobile County Sheriff's Department and the Mobile Metro Jail are not entities subject to being sued; thus, Montgomery's claims against them lack legal merit and are due to be dismissed.

---

[2] Defendants reference Montgomery's other case, but make no argument with respect to what bearing, if any, the other case has on this case.

3

(Id.). Defendants further contend that Montgomery's allegations against the Sheriff's Department and Mobile Metro Jail fail to state a viable claim.  (Id. at 7.)

With respect to Defendant Wilcox, Defendants contend that Montgomery cannot state a claim under USERRA against Wilcox because Wilcox does not meet the definition of an "employer" under the Act.  (Id.). Defendants assert that Montgomery has not alleged that Wilcox had the power to hire and fire her, and that the termination letter attached to her complaint clearly reflects that Sheriff Sam Cochran, as opposed to Wilcox, was the person with authority to make the decision to terminate Montgomery.  Thus, Montgomery has failed to state a USERRA claim against Wilcox. (Doc. 7 at 7-10).

In her response in opposition, Mongomery contends that she worked directly for the Mobile County Metro Jail and the Sheriff's Department and that they handled her hiring, firing and supervision. (Doc. 8 at 1).  According to Montgomery, USERRA defines "employer" broadly to include any entity that pays wages and manages working conditions; thus, the Mobile County Sheriff's Department and the Mobile Metro Jail are employers under the Act. (Id.)

With respect to Defendant Wilcox, Montgomery contends that Wilcox exercised supervisory power over her and made the termination decision; thus, she is an employer for purposes of

4

USERRA. According to Montgomery, she expressly advised Wilcox that she would not be coming to work on February 9, 2021 because she was being sworn into the Navy, Wilcox told her as well as Montgomery's mom that Montgomery was being terminated for not coming to work during a staff shortage. (Id.). Montgomery further contends that Wilcox was not truthful when she alleged during the USERRA investigation that she did not know about Montgomery's military service and that Montgomery was terminated due to a CashApp transaction involving an inmate. (Doc. 8 at 3-4).

## II.  STANDARD OF REVIEW

### 1. Motion to Dismiss for Failure to State a Claim. Jurisdiction

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556

U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012).

A court reviewing a motion to dismiss must typically limit its consideration to the complaint and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam). However, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); see also Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense

6

appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

### 2. *Pro Se* Litigation

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

### A. Sheriff's Department and Mobile Metro Jail

Rule 17 of the Federal Rules of Civil Procedure provides:

> (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
>
> . . .
> (3) for all other parties [other than individuals or corporations], by the law of the state where the court is located, except that:
>
> (A)a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]

Fed. R. Civ. P. 17.

Based on Rule 17, in order for the Sheriff's Department and the Metro Jail to have the capacity to be sued, the law of the State of Alabama must provide that they are legal entities capable of defending a lawsuit, or they must be a "partnership or other unincorporated association being sued in [their] common names in a suit "to enforce a substantive right" under the Constitution or federal law.

Applying a prior, but substantively equivalent version of Rule 17, the United States Court of Appeals for the Eleventh Circuit held that a sheriff's office is not a "partnership or other unincorporated association".

> Th[e] state-law determination of capacity to be sued is subject to the exception "that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its commonname for the purpose of enforcing for or against it a substantive right existing under the Constitution or the laws of the United States." Fed. R. Civ. P. 17(b)(1). Nothing in the language of Rule 17(b) or in the early case law that led to the adoption of Rule 17, *see* United Mines Workers v. Coronado Co., 259 U.S. 344, 384, 42 S.Ct. 570, 574, 66 L. Ed. 975 (1921) sic (excepting United Mine Workers' Union from common-law nonsuable capacity of unincorporated associations because of enormous financial power of union and because of Congress' purpose in passing Anti-Trust Law)warrants an extension of Rule 17(b) to government units. Also, nothing in the advisory committee notes to Rule 17 or in the case law interpreting and applying Rule 17 has ever extended this "unincorporated association" exception to government units, subdivisions or agencies. We conclude, therefore, that the Jefferson County Sheriff's Department is not an "unincorporated association" for

8

> purposes of Rule 17. Cf. <u>Erie Human Relations Comm. v. Tullio</u>, 493 F.2d 371, 376 (3rd Cir. 1974)(Adams, J., concurring) (suggesting that Rule 17(b)applies only to private entities that are well-established representatives of groups of people, such as labor organizations).

<u>Dean v. Barber</u>, 951 F.2d 1210, 1215 n.4(11th Cir. 1992).

Applying Rule 17 to Alabama law, the Court in <u>Dean</u> affirmed the dismissal of the Jefferson County Sheriff's Department as it was not a legal entity subject to suit. <u>Dean</u>, 951 F. 2d. at 1215 n.5. Similarly, in <u>King v. Colbert County,</u> 620 So.2d 623, 626 (Ala. 1993), the Alabama Supreme Court, in applying Alabama case law, held that "[t]he Colbert County Sheriff's Department is not a legal entity". Again, in <u>Ex Parte Haralson</u>, 853 So. 2d 928, 931 (Ala. 2003), the Alabama Supreme Court once again held that "[i]t is clear under Alabama law that the sheriff's department is not a legal entity subject to suit". <u>See</u> <u>also</u> *e.g.*, <u>Hare v. Mack</u>, 359 So. 3d 253, 256 n.2 (Ala. 2022) ("A 'sheriff's office' or 'sheriff's department' is not a legal entity subject to suit."); <u>Ferguson v. Houston Cty. Sheriff's</u> <u>Dep't,</u> 2009 U.S. Dist. LEXIS 123240, 2010 WL 231573, at *2 (M.D. Ala. 2010) (unpublished) (dismissing the claims against the sheriff's department as frivolous because the sheriff's department "is not a legal entity subject to suit or liability under § 1983"). Given the extant case law, the Mobile County Sheriff's Department is not a legal

entity subject to suit; thus, Defendants' Rule 12(b)(6) motion is due to be granted.

It likewise follows that the Mobile Metro Jail is not a legal entity with the capacity to be sued. Under Alabama law, the sheriff "has the legal custody and charge of the jail in his county and all prisons committed thereto. . .". Ala. Code § 14-6-1. Generally, a sheriff's department operates the county jail. Given that an Alabama sheriff's department lacks the capacity to be sued, it follows that an Alabama county jail likewise lacks the capacity to be sued. See Russell v. Mobile County, 2000 U.S. Dist. LEXIS 18045, 2000 WL 1848470 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); Harrison v. Oliver, 2015 U.S. Dist. LEXIS 23685, 2015 WL 854851(S.D. Ala. Feb. 27, 2015); see also Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit). Accordingly, the Mobile Metro Jail is not a legal entity subject to being sued. Montgomery's claim against the Mobile Metro Jail is thus due to be dismissed.

### B. Lieutenant Veronica Wilcox

"Congress enacted USERRA to prohibit employment discrimination on the basis of military service as well as to provide reemployment to those individuals who engage in non-career service in the military." Coffman v. Chugach Support Serv.,

Inc., 411 F.3d 1231, 1234 (11th Cir. 2005), *superseded by statute, in part, on other grounds*. Under the USERRA, discrimination is "defined broadly to include the denial of 'employment, reemployment, retention in employment, promotion, or any benefit of employment' because of military service." Wooldrige v. City of Melbourne, 212 F.Supp. 3d 1205, 1209 (M.D. Fla. 2015). To establish a prima facie case of discrimination under the USERRA, a plaintiff need allege only that her military membership was a motivating factor in the decision to deny a benefit of employment, which need not be the sole factor in the decision. Id. at 1209-10.

USERRA defines an "employer" as:

any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including—

(i)    a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities

(ii)   the Federal Government;

(iii)  a State;

(iv)   any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph; and

(v)    a person, institution, organization, or other entity that has denied initial employment in violation of section 4311.

38 U.S.C. § 4303(4)(A).

11

Likewise, USERRA's accompanying regulations provide that an employer includes "any person . . . that has control over employment opportunities . . . ." 20 C.F.R. § 1002.5(d)(1).

As noted *supra,* Defendants contend that Montgomery's claim against Wilcox should be dismissed because she has failed to allege facts establishing that Wilcox was her employer. Courts have held that an individual defendant may be held personally liable under USERRA if his conduct satisfied the statute's definition of "employer." See Risner v. Ohio Dep't of Rehab. & Corr., 577 F. Supp. 2d 953, 967 (N.D. Ohio 2008) (citing cases). For example, some courts have held that individuals who have authority or input over hiring and firing or promotion are "employers" under USERRA. See, e.g., Osinski v. Laredo Coll., 2023 U.S. LEXIS 236552, 2023 WL 10475431 (S.D. Tex. Mar. 13, 2023)(court held that the plaintiff plausibly alleged that College President, Department Chair and Dean were his employers under USERRA where the President recommended plaintiff's nonrenewal and had authority or input over his employment opportunities and the Department Chair and Dean were his direct supervisors, controlled his teaching schedule and had input over his professional opportunities); O'Connell v. Town of Bedford, 2022 U.S. Dist. LEXIS 164288, 2022 WL 4134466 (S.D.N.Y. Sept. 12, 2022)(court held that the plaintiff's allegations that the chief and lieutenant directly supervised him, made recommendations regarding promotions, and controlled his work

12

hours were sufficient at the Rule 12(b)(6) stage to establish that they were his employers under USERRA notwithstanding that the authority to hire and fire rested with the Town Board); Croft v. Village of Newark, 35 F. Supp. 3d 359. 368 (W.D.N.Y. 2014)(concluding that police chief could be considered "employer" under USERRA because he made promotional recommendations to the Village Board and was responsible for selecting individuals to be interviewed for the vacant sergeant positions); Angiuoni v. Town of Billerica, 999 F. Supp. 2d 318, 322 (D. Mass. 2014) (concluding that police chief could be considered "employer" under USERRA because he "[was] delegated the responsibility of placing Department employees on administrative leave and recommending them for termination even if the Town makes the final decision"); Baldwin v. City of Greensboro, 2010 U.S. Dist. LEXIS 82278, 2020 WL 3211055 at *4 (M.D.N.C. Aug. 12, 2010, report and recommendation adopted in relevant part, 2010 U.S. Dist. LEXIS 145844, 2010 WL 9904879, at 1-2 (M.D.N.C. Oct. 15, 2010, (concluding that individuals, who were in plaintiff's supervisory chain of command, involved in preparing plaintiff's performance evaluations, plaintiff's daily supervision, and in the events that ultimately caused plaintiff's termination could be considered an "employer" under USERRA); Brandsasse v. City of Suffolk, Va., 72 Supp. 2d 608, 618 (E.D. Va. 1999) (concluding that city's director of personnel could be considered employer under USERRA because

13

plaintiff alleged that he denied his requests for accommodation and that the meeting between plaintiff and director was the basis of the alleged pretextual investigation against him).

The undersigned recognizes, as pointed out in Defendants' brief, that there are also some courts that have found that individual defendants do not meet USERRA's definition of "employer" when the individual defendants do not have the authority to hire nor fire. See Patti v. Ibarrondo, 2023 Dist. LEXIS 133824, 2023 WL 4927281(N.J. Aug. 1, 2023)(the court, in granting a motion to dismiss, held that individual supervisors can be liable under the USERRA only if they have the power to hire or fire the employee); Gross v. City of Jersey City, 2020 U.S. Dist. LEXIS 46947 at *9-10 (D.N.J. March 13, 2020)(Court held that two individual defendants were not employers under the USERRA because the plaintiff failed to allege that the defendants had the ability to hire and fire, but instead alleged that they had the ability to make recommendations as to hiring, promoting and firing); Mace v. Willis, 259 F. Supp. 3d. 1007(S.D.D. 2017)(following a trial, court determined that manager who had no authority to add or delete employee from a work app was not an employer under USERRA; however, the owner, who had authority to hire and fire employees and add and delete employees on the work app was deemed an employer); see also Kassel v. City of Middletown, 272 F. Supp. 3d 516, 531 (S.D.N.Y. 2017) (rejecting plaintiff's claims that individuals

14

were "employers" under USERRA because they were neither "involved in the ultimate decision not to promote Plaintiff to the rank of Lieutenant," nor "compelled the members of the Committee to do so").

Given the seemingly broad definition of "employer" under the USERRA and the case law cited above, and taking the facts alleged in the complaint as true, as required at the motion to dismiss stage, the undersigned finds that Montgomery has sufficiently alleged that Wilcox qualifies as an "employer" under the USERRA. According to Montgomery, Wilcox was her supervisor, and it was Wilcox who initially approved her leave request for her Naval swearing-in and later revoked her approval due to a staffing shortage. Additionally, Montgomery alleges that when her mother presented Wilcox with a written excuse from a Naval official, Wilcox advised that she was terminating Montgomery for not reporting to work on February 9, 2021. While Wilcox did not sign Montgomery's termination letter, Montgomery alleges that Wilcox supervised her and exercised control over the details of her employment, including her requests for time off, and Wilcox set in motion Montgomery's termination with the Sheriff's approval. While the facts, once flushed out, might not ultimately establish that Wilcox was Montgomery's employer, at this early stage of the proceedings, Montgomery has alleged sufficient facts to establish that Wilcox was her employer, and she has plausibly stated a USERRA

15

claim against Wilcox based on her termination immediately following her request for leave in order to be sworn into the Navy. Accordingly, Defendants' motion to dismiss Defendant Wilcox should be denied.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendants' motion to dismiss Montgomery's amended complaint (Doc. 6) be **GRANTED** in part and **DENIED** in part, and that Defendants' motion to dismiss be granted with respect to Montgomery's claims against the Mobile County Sheriff's Department and the Mobile Metro Jail, and be denied as to Montgomery's claims against Lieutenant Veronica Wilcox.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge

16

on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **27th** day of **February, 2026.**

                            /s/ SONJA F. BIVINS
                    **UNITED STATES MAGISTRATE JUDGE**

17