**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LAKERIA MONTGOMERY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **Vs.** ) | **Civil Action No. 25-00188-KD-B** |
| ) | |
| **MOBILE COUNTY SHERIFF'S** ) | |
| **DEPARTMENT/MOBILE METRO JAIL,** ) | |
| **LIEUTENANT VERONICA WILCOX, in** ) | |
| **her Individual and Official Capacity, and** ) | |
| **THOMAS RICHARDSON, Senior** ) | |
| **Investigator for the Department of Labor,** ) | |
| **in his Individual Capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action brought pursuant to the Uniformed Services Employment and Reemployment

Rights Act (USERRA) is now before the Court on the Motion for Reconsideration filed by

Plaintiff Lakeria Montgomery (doc. 54). Upon consideration, and for the reasons set forth herein,

the Motion for Reconsideration is denied.

I. Background

The Magistrate Judge entered a report and recommendation finding that the MCSD/MMJ

were not entities subject to suit under Alabama law and recommended granting their Motion to

Dismiss. The Magistrate Judge also found that Montgomery had plausibly stated a USERRA

claim against Lt. Wilcox as a supervisory employee and recommended denying her Motion to

Dismiss (doc. 50).

Montgomery objected to the dismissal of the MCSD/MMJ and requested that Sheriff Paul

Burch be substituted as the proper defendant (doc. 51). Lt. Wilcox objected to the denial of her

1

Motion (doc. 52).  She argued that the federal court did not have jurisdiction over a USERRA claim against a state or an arm of the state such as the Sheriff and his employees.  Lt. Wilcox also argued that under USERRA, she did not qualify as a supervisory employee and was not a proper defendant.

The Court adopted the Report and Recommendation in part and dismissed the MCSD/MMJ (doc. 53).  However, the Court granted Lt. Wilcox's Motion to Dismiss upon finding that it lacked jurisdiction over a USERRA claim against the state or an arm of the state and that Lt. Wilcox as a Sheriff's employee qualified as an arm of the state. The MCSD/MMJ and Lt. Wilcox were dismissed.

Montgomery now moves the Court to reconsider its decision (doc. 54).

B. Analysis

Pursuant to Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Under this Rule, a motion for reconsideration may "be granted based on newly discovered evidence or manifest errors of law or fact." Britt v. United States Gov't, 773 Fed. Appx. 494, n. 2 (11th Cir. May 8, 2019).  Also, the "courts may alter prior holdings based on 'a change in controlling authority …'" Jupiter Wreck, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 762 Fed. Appx. 852 (11th Cir. 2019) (citation omitted).  "A motion for reconsideration cannot be used 'to relitigate old matters, [or to] raise argument or present evidence that could have been raised prior to the entry of judgment.'" Id.  "While a court may reconsider a prior order, 'courts should be loath to do so in the absence of extraordinary circumstances.'" Gold Star Wives of Am., Inc. v. Sipes, No. 2:23-CV-01015-RDP, 2024 WL 339350, at *1 (N.D. Ala. Jan. 5, 2024) (quoting Jenkins Brick Co. v. Bremer,

2

321 F.3d 1366, 1370 (11th Cir. 2003) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)).

Montgomery moves the Court to reconsider its decision to dismiss MCSD/MMJ and Lt. Wilcox (doc. 54).  She does not seek reconsideration of the decision to dismiss her USERRA claims against these Defendants.  As grounds, Montgomery argues that the Court "overlooked" her claim that these Defendants violated her constitutional rights under the Fourteenth Amendment. She argues that

> Although I did not list every statute number in my Amended Complaint, the facts describing these violations were clearly stated.  Courts read pro se filings liberally and consider the claims that come up from the facts presented under Federal Rule of Civil Procedure 8.  The facts put in my amended complaint describe conduct that implicates violations of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.  Because these facts were already pled, I respectfully believe those issues should have been considered rather than just overlooked when the defendants were dismissed.

(Doc. 54).

Montgomery argues that her allegations of fact show that her personnel records were fabricated to include an arrest and booking for contraband charges which "never occurred".  She argues that "fabricating or maintaining false criminal records by government officials not only supports claims under 42 U.S.C. § 1983 but they violate the due process protections guaranteed by the Fourteenth Amendment[.]" [1]

Review of Montgomery's Amended Complaint (doc. 3) shows that she alleged federal question jurisdiction under 28 U.S.C. § 1331 and identified the "basis for jurisdiction" as follows:

---

[1] In further support of an alleged Fourteenth Amendment violation, Montgomery points out that she alleged Lt. Wilcox violated 18 U.S.C. § 1001 because she made false statements to an FBI agent during the investigation of Montgomery's USERRA claim (doc 3).

This action arises under a federal law, Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 et seq. (protecting service members from employment discrimination).

(Doc. 3, p. 3). Montgomery did not invoke 42 U.S.C. § 1983. She did not allege any constitutional claims against Lt. Wilcox and the MCSD/MMJ.

The Court acknowledges that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e) (captioned "Construing pleadings."). And that the pleadings of pro se litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, he liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the Eleventh Circuit has explained:

> We liberally construe pro se pleadings, but we do not serve as de facto counsel and rewrite arguments for the parties. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014). The relevant question is what claims the party made, not what claims could have been made. Nalco Co. v. Bonday, 142 F.4th 1336, 1341 (11th Cir. 2025), petition for cert. filed, No. 25-632 (Nov. 26, 2025).

Bennett v. United States, 2026 WL 671692, at *1 (11th Cir. 2026).

Since the "relevant question is what claims [Montgomery] made, not what claims could have been made", the Court finds that it did not "overlook" a Section 1983 claim against Lt. Wilcox and the MCSD/MMJ. The Court has no obligation to review the facts alleged in the Amended Complaint and then search the statutes and case law for a claim to make on Montgomery's behalf. The Court does not serve as de facto counsel for Montgomery and "[t]o 'liberally construe' doesn't mean to make up" a claim for a pro se party. Nalco Company LLC, 142 F. 4th at 1341.

Montgomery also argues that the Court did not address her objection to the dismissal of the MCSD/MMJ and her request to substitute Sheriff Paul Burch (doc. 54, p. 2). Montgomery argues that because her "request to substitute the proper defendant was already before the Court"

4

she believes "that issue should have been addressed before dismissing the defendants." (Id.). Montgomery argues that not substituting Sheriff Burch as the proper defendant prevented the Court from reviewing how the false personnel record which shows her arrest and booking was actionable under Section 1983 as a violation of the Fourteenth Amendment.

The Court did consider Montgomery's objection to the dismissal of the MCSD/MMJ (doc. 53, citing doc. 51).  Although not specifically stated, by dismissing the MCSD/MMJ, the objection was overruled.  The Court did consider Montgomery's request to substitute Sheriff Burch for the MCSD/MMJ.  However, her request was moot.  If the Court had substituted Sheriff Burch, the USERRA action would still have been dismissed. Sheriff Burch was Montgomery's state employer. As stated in the Order, federal courts do not have jurisdiction over USERRA actions against state employers and jurisdiction over private USERRA actions against state employers lies exclusively in state court.

Montgomery also argues that the Court's failure to substitute Sheriff Burch prevented review of her claim that her Fourteenth Amendment rights were violated.  However, as previously stated, Montgomery did not plead this claim in her Amended Complaint; thus, no grounds exist for substituting Sheriff Burch for the MCSD/MMJ.

C. Conclusion

For the reasons set forth herein, Montgomery's Motion for Reconsideration is denied.

DONE and ORDERED this 30th day of March 2026.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE