IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAKERIA M. MONTGOMERY,      *
                           *
     Plaintiff,            *
                           *
vs.                        *   CIVIL ACTION NO. 25-00188-KD-B
                           *
THOMAS RICHARDSON,         *
                           *
     Defendant.           *
                           *

<u>REPORT AND RECOMMENDATION</u>

This action is before the Court on the United States' Limited Notice of Appearance and Motion to Dismiss for Improper Service pursuant to Fed. R. Civ. P. 4(m) and 12(b)(2), (4), and (5) on behalf of Defendant Thomas Richardson. (Doc. 37). The motion was referred to the undersigned Magistrate Judge for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and Plaintiff's claims against Defendant Thomas Richardson be **DISMISSED without prejudice** for failure to perfect service on Defendant Thomas Richardson pursuant to Federal Rule of Civil Procedure 4(m).

I.    BACKGROUND

Plaintiff Lakeria M. Montgomery ("Plaintiff" or "Montgomery"), who is proceeding *pro se*, asserted claims pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and 42 U.S.C. § 1985(2) against Thomas Richardson, in his individual

capacity,[1] for violations of Montgomery's First and Fifth Amendment rights for his alleged interference with the referral of her Uniformed Services Employment and Reemployment Rights Act ("USERRA") claim to the Department of Justice for investigation.[2] (Doc. 3 at 8-11).  On June 4, 2025, Montgomery sought entry of default and a default judgment as to Defendant Richardson on the ground that he had failed to answer her amended complaint (hereafter, the "complaint").  (Docs. 10, 11).

Upon consideration, District Judge Kristi DuBose entered an order dated August 7, 2025, denying Montgomery's motion.  (Doc. 17).  In denying Montgomery's motion for entry of default, the Court determined that Montgomery failed to establish that Richardson was properly served in his individual capacity.  The Court observed that Montgomery provided a copy of the summons for Richarson addressed to him at 61 Forsyth Street, S.W., Atlanta, Georgia 30303, a Proof of Service which reflected that service was by "certified mail on 5/12/2025 at 13:18:00" and an attachment to the Proof of Service, which bore the date and time of 5/12/2025 at

---

[1]    Montgomery alleges that Richardson's conduct was "taken outside the scope of his official duties" as an employee of the U.S. Department of Labor, Veterans' Employment and Training Service.  (Doc. 3 at 8).

[2]    Montgomery also asserted USERRA claims against her former employer, the Mobile County Sheriff's Department and her former supervisor, Lieutenant Veronica Wilcox.  (Doc. 3).  Those claims were dismissed pursuant to Federal Rule of Civil Procedure 12.  (Doc. 53).

13:18:00. (Id. at 3). The Court noted that the attachment to the Proof of Service appeared to be a partial copy of the U.S. Postal Service's "Delivery Signature and Address" signed by "Steve McLeod" or "Stevie McLeod"; however, it did not appear to be a Return Receipt Electronic, the electronic alternative to a Certified Return Receipt, or a "Green Card" signed by Richardson. (Id.).

The Court noted that it appeared Montgomery attempted to serve Richardson pursuant to Federal Rule of Civil Procedure 4(e)(1), which provides for following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. (Id. at 2). The Court further noted that under Alabama law, service by certified mail is permitted and is deemed completed from the date of delivery to the named addressee or the addressee's agent as evidenced by the signature on the return receipt. (Id. (citing Ala. R. Civ. P. 4(i)(2)(C)). The Court stressed that Alabama law "does not provide that a mere signature on a return receipt constitutes prima facie evidence of agency or authority to accept service as part of that agency" and that there was nothing before the Court indicating that McLeod was Richardson's agent or that he was "specifically authorized" to accept delivery of the summons and complaint for Richardson. (Id. at 3). Thus, the Court concluded that Montgomery

3

failed to establish that Richardson was properly served in his individual capacity. (Id.).

The Court also noted that Montgomery's assertion that she emailed a copy of the summons and complaint to the United States Attorney for the Southern District of Alabama and the Attorney General of the United States was not sufficient because Federal Rule of Civil Procedure 4(i)(1) does not provide for service of the summons and complaint by email. (Id. at 4). The Court concluded that due to the lack of proper service on Richardson, the United States Attorney, and the Attorney General, a default could not be entered against Richardson. Thus, Montgomery's request for entry of default was denied and her motion for default judgment was deemed moot. (Id. at 4-5).

Following the denial of Montgomery's motion for entry of default on August 7, 2025, Montgomery requested and was granted an extension of time to perfect service on Richarson and the United States. (Docs. 18, 19). Plaintiff was directed to perfect service no later than September 12, 2025. (Doc. 19 at 5). Shortly thereafter, Montgomery caused a summons to issue for Richardson, at 61 Forsyth SW, Atlanta, GA 30303; the Attorney General at 950 Pennsylvania Ave, NW, Washington, DC 20530-0009; and the U.S. Attorney's Office for the Southern District of Alabama (Sean P. Costello), Suite 600, 63 S. Royal St., Mobile, AL 36602-3235. (Doc. 20). On September 25, 2025, Montgomery filed a Proof of

4

Service, reflecting that Sarah Huleltt, Civil Process Clerk, accepted service of the summons and complaint on behalf of the United States Attorney for the Southern District of Alabama (in Mobile, Alabama) on September 25, 2025 (Doc. 23 at 1-3); a Proof of Service that appears to reflect that the Attorney General was served via the United States Postal Service on August 25, 2025 (Doc. 23 at 4-5, 8, 9); and a Proof of Service for Thomas Richardson that purports to reflect that Richardson was served via the United States Postal Service on August 20, 2025. (Doc. 23 at 6-7, 8, 9, 10).

Counsel for the United States entered a limited notice of appearance on behalf of Richardson on October 6, 2025, and requested a stay of Richardson's deadline for responding to Montgomery's complaint due to a lapse in federal appropriations funding. (Doc. 24). Montgomery opposed the stay request and filed another motion for immediate entry of default against Richardson. (Docs. 25, 26). Upon consideration, the motion for a stay was granted. (Doc. 27). On November 19, 2025, counsel for the United States advised that the lapse in federal appropriations ended and requested an extension of time to respond to Montgomery's various motions. (Doc. 34). The motion was granted, the stay was lifted, and Richardson was directed to respond to Montgomery's complaint. (Doc. 36).

5

On December 17, 2025, the United States filed on behalf of Richardson the instant motion to dismiss for improper service. (Doc. 37).  In the motion, the United States asserts that although Montgomery was granted an extension of time within which to serve Richardson, she failed to perfect service in accordance with Federal Rules of Civil Procedure 4(i) and 4(e).  (Id.).  The United States further asserts that because Montgomery failed to properly serve Richardson, the Court lacks personal jurisdiction over him pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Id.).  Montgomery filed a response in opposition and argues that she complied with Rule 4 and that Richardson received actual notice of the complaint multiple times. (Doc. 38).  According to Montgomery, she made repeated, good-faith efforts to serve Richardson, she paid for certified mail with restricted delivery multiple times, and any alleged defect should be excused because it is technical and not substantive.  (Id.).  Montgomery further contends that dismissal for insufficient service is disfavored where the defendant had actual notice and the plaintiff made good-faith efforts to perfect service.  (Id.)

## II.  ANALYSIS

Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Thus, for that reason, whenever

6

a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure, it is "improper for the district court to . . . reach[ ] the merits in th[e] case and to . . . issue[ ] a dismissal with prejudice." Jackson v. Warden, FCC Coleman-USP, 259 F. App'x. 181, 183 (11th Cir. 2007) (quoting Pardazi, 896 F.2d at 1317); Fuqua v. Turner, 996 F.3d 1140, 1154 (11th Cir. 2021) ("Proper service of process is a jurisdictional prerequisite."); see also Pelmore v. Pinestate Mortg. Corp., 2010 U.S. Dist. LEXIS 10998, 2010 WL 520767, at *2 (N.D. Ga. Feb. 8, 2010) (quoting Jackson, 259 F. App'x at 183); Innomed Tech., Inc. v. Worldwide Med. Tech., Inc., 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) ("[a] court without personal jurisdiction is powerless to take further action") (citing Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)).

In addressing the issue of service, "the serving party . . . bears the burden of proof with regard to validity of service." Anderson v. Dunbar, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citing Sys. Sings Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)); Profit v. Americold Logistics, LLC, 2008 U.S. Dist. LEXIS 34526, 2008 WL 1902190, at *4 (N.D. Ga. Apr. 25, 2008). Service of process in the federal courts is generally governed by Rule 4 of the Federal Rules of Civil Procedure, which provides, in relevant part: "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having

7

the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. [3]

Good cause "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted). Even in the absence of a showing of good cause, the district court has the discretion to extend the time for service of process. Id. at 1282. In exercising this discretion, the court must consider whether any

---

[3] Also, Rule 4(i)(4) provides that a district court must allow a party a reasonable time to "cure its failure to . . . [serve a United States officer or employee sued in an official capacity] under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States[.]" Fed. R. Civ. P. 4(i)(4)(A). Further, a district court must allow a party a reasonable time to cure its failure to serve the United States under Rule 4(i)(3) (where a United States officer or employee is sued in his or her individual capacity) if the party has served the United States officer or employee. Fed. R. Civ. P. 4(i)(4)(B).

8

other circumstances, such as the expiration of a statute of limitations or the defendant evading service, warrant an extension of time based on the facts of the case. (Id.).

Federal Rule of Civil Procedure 4(i)(3) sets forth the requirements for service upon a United States officer or employee sued in an individual capacity. It provides that:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f) or (g).

Fed. R. Civ. P. 4(i)(3). Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on an individual defendant within the United States. The rule provides that an individual defendant may be served in several different ways. The first way is by personally delivering the summons and complaint on the individual defendant. Fed. R. Civ. P. 4(e)(2)(A). The second way is by leaving the summons and complaint at the individual defendant's residence "with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). The third way is delivery of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Finally, service may be accomplished by following the service laws of either the state where the federal

9

court hearing the case is located or the state where service is made.  Fed. R. Civ. P. 4(e)(1).

The Alabama Rules of Civil Procedure provide for the same methods of service of process upon an individual as the federal rules.[4]  In addition, Alabama Rule of Civil Procedure 4(i)(2) permits service of process by certified mail when certain conditions are met.  Ala. R. Civ. P. 4(i)(2).  Service by this method is not effective until delivery of the certified mailing "to the named addressee or the addressee's agent as evidenced by signature on the return receipt," and "'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."  Ala. R. Civ. P. 4(i)(2)(C).

Although District Judge DuBose explained the above rules regarding service in an order dated August 7, 2025 (Doc. 17), Montgomery has persisted in failing to establish proper service on Defendant Richardson.  She has filed materials that reflect that she once again sent the summons to Richardson via certified mail,

---

[4]    "(1) Individual.  Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process[.]"  Ala. R. Civ. P. 4(c)(1).

restricted delivery, to the Department of Labor office in Atlanta, but the record is devoid of any evidence demonstrating that the certified mail was signed for by Richardson or by someone "specifically authorized" by him to receive his mail. See McDermott v. Tabb, 32 So.3d 1, 4 (Ala. 2009) (the certified mail receipt, of itself, does not establish that the person signing for process was the defendant's agent for purposes of Rule 4(i)(2)(c)). Accordingly, Montgomery has failed to demonstrate proper service on Richardson under Federal Rule of Civil Procedure 4(e)(1).

As noted above, Federal Rule of Civil Procedure 4(m) provides that if a plaintiff shows good cause for her failure to serve a defendant, the court must extend the deadline to effect service of process. Fed. R. Civ. P. 4(m). In the absence of good cause, a district court still possesses "the discretion to extend the time for service of process." Lepone-Dempsey, 476 F.3d at 1281. In determining whether a permissive extension is warranted, courts look at the factors set forth in the Advisory Committee notes to Rule 4, such as if the applicable statute of limitations would bar the refiled action, of if the defendant is evading service or concealing a defect in attempted service. Horekamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005).

Montgomery filed this action on May 2, 2025; thus, under Rule 4(m), the deadline for Montgomery to perfect service was August 4, 2025. As noted, *supra*, not only was Montgomery granted an

11

extension of time to perfect service on Defendant Richarson, but District Judge DuBose, in an order dated August 7, 2025 (Doc. 17), detailed the requirements for serving a United States employee like Richardson being sued in their individual capacity.  Nearly nine months later, Montgomery has still failed to perfect service on Defendant Richardson.  Aside from asserting that she attempted to serve Richardson by certified mail on multiple occasions, Montgomery has not alleged, let alone demonstrated, that she has attempted any other service method permitted under the either the federal or Alabama rules.

Instead, Montgomery essentially argues that Richardson has received actual notice of her lawsuit, and that should be sufficient to perfect service.  As noted by the United States in its reply, the cases Montgomery relies upon to support her position, namely Rance v. Rocksolid Granite USA, Inc., 583 F.3d 1284, 1286-87 (11th Cir. 2009), and Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), do not hold that notice of a lawsuit can serve as a substitute for service.  In Rance, the *pro se* plaintiff was permitted to proceed *in forma pauperis* and as a result, the Court was obligated to have a United States Marshal effectuate service upon the defendant, thereby relieving the plaintiff of the burden.  583 F.3d at 1285.  The plaintiff's case was eventually dismissed due to failure to perfect service on the defendant.  Id.  On appeal, the Eleventh Circuit held that the

12

trial court erred in dismissing the plaintiff's complaint with prejudice because the failure to perfect service was through no fault of the indigent plaintiff, as responsibility for perfecting service was with the Marshal. Id. at 1288. Montgomery's reliance on Rance is clearly misplaced as she paid the filing fee for this action and she was repeatedly advised that perfecting service on Defendant Richardson was her responsibility.

Montgomery's reliance on Albra is likewise misplaced. In Albra, the court made clear that while liberal construction is given to the pleadings of pro se litigants, such litigants are nevertheless required to follow procedural rules, such as the rules requiring service of process. 490 F.3d at 829. The court also expressly rejected the notion that a defendant's actual notice of a lawsuit is sufficient to cure defective service. Id.

The undersigned has considered the fact that dismissal of Montgomery's claim might have the effect of a dismissal with prejudice due to the statute of limitations, the absence of any evidence suggesting that Richardson has sought to evade service, Montgomery's efforts to perfect service in the nine months since being placed on notice of defective service on Defendant Richardson, as well as her insistence that notice of her lawsuit is sufficient to cure any service defect, and, based on the foregoing, finds that dismissal without prejudice under Rule 4(m) is warranted under the circumstances.

13

### III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Montgomery's claim against Defendant Richardson be **DISMISSED without prejudice** for failure to perfect service on Defendant Thomas Richardson pursuant to Federal Rule of Civil Procedure 4(m).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation

14

where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

ORDERED this **2nd** day of **June, 2026.**

/S/SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE